No. 21,274.

O. C. HARLOW and FEROL HARLOW, *Appellees*, v. C. F. PROPES (and THE AMERICAN OIL & GASOLINE COMPANY, *Appellant*).

### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Substitution of Gasoline for Coal Oil—Fire in Cook Stove—Evidence.* Whether or not the plaintiff was negligent in using what he supposed to be coal oil in starting a fire in his cook stove, was a question of fact properly submitted to the jury.

2. SAME — *Agency of Oil Company — Sufficiently Established.* The agency of the seller of the fluid from the wagon was sufficiently established by the evidence of the defendant company's manager.

3. SAME—*Proximate Cause of Injury.* The substitution of gasoline for coal oil held to have been the proximate cause of the injury complained of.

4. SAME—*Motion for New Trial—Properly Denied.* The affidavit filed by the defendant Propes, even if available by the defendant company, was not sufficient to require the granting of a new trial, under the rule that such evidence must be such as would likely work a different result from that already reached by the jury.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed February 9, 1918. Affirmed.

*Frank L. Martin, Van M. Martin,* and *John M. Martin,* all of Hutchinson, for the appellant.

*Ray H. Tinder,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiffs recovered a judgment for damages from a fire alleged to have been caused by gasoline sold to them by the defendant Propes for kerosene. The judgment against Propes was not sufficient in amount to form the basis for an appeal. The American Oil and Gasoline Company complains that the judgment against it is wrong, because the plaintiff Harlow was guilty of contributory negligence in using the supposed coal oil to start a fire with; because the finding that the driver of the wagon was an agent of the company is against the evidence; likewise the finding of negligence by the company; and because the alleged negligence of the defendants or either of them was not the proximate cause of the injury.

C. O. Harlow bought of the defendant Propes what he supposed was a gallon of coal oil, which he alleges turned out to be gasoline. In starting a fire he poured some of the fluid on the cobs he had placed for kindling in the stove, and then added a lighted match while he held the can in his hand. The jury found that he was not negligent if coal oil had been in the can. There is no question that the fluid used was both bought and sold for coal oil, and not for gasoline; and whether, under the circumstances shown by the evidence, the plaintiff's manner of starting the fire would have been negligent had the can contained coal oil, or was negligent in view of the fact that he believed that it contained coal oil, was a matter for the jury, and not one of law for the court.

The evidence of the manager of the defendant company itself was sufficient to warrant the finding as to the agency of Elliot, who sold from the company's wagon to the defendant Propes.

The finding that Propes was negligent in not testing the fluid upon complaint of another customer is said by counsel for the defendant to have stated the proximate cause of the injury. But it is also argued that Harlow's own negligence was the proximate cause. Whether the fluid had been inspected or not, if it had not been sold to Harlow for coal oil there is nothing to indicate that the injury would have re-

sulted, and we cannot agree with the claim that there are other proximate causes thereof.

Complaint is made that the motion for new trial on the ground of newly discovered evidence was denied regardless of the affidavit of a witness to the effect that he heard Harlow say that he might possibly have got the gasoline can instead of the coal-oil can to start the fire with. Aside from the point that the affidavit, which stated that this was discovered by Propes for the first time after the verdict was returned, was filed by Propes and not by the oil company, although presented by it, the rule is that new trials for newly discovered evidence are not granted unless such evidence would likely work a different result. (*Lewis v. Shows Co.,* 98 Kan. 145, 157 Pac. 397, and cases cited.)

The judgment is affirmed.